United States Court of Appeals

**FOR THE EIGHTH CIRCUIT**

_____

No. 97-1438

_____

United States of America,      *
                         *

         Appellee,     *

                         *    Appeal from the United States

     v.                      *    District Court for the

                         *    Western District of Missouri.

Eric Lashon Jiles,        *

                         *    **[UNPUBLISHED]**

         Appellant.    *

_____

Submitted: August 6, 1997
Filed: September 2, 1997

_____

Before WOLLMAN, LOKEN, and HANSEN, Circuit Judges.

_____

PER CURIAM.

While serving a ten-year term in the Missouri correctional system, Eric Lashon Jiles appeared in federal court under a writ of habeas corpus *ad prosequendum* and pleaded guilty to aiding and abetting the attempted possession of cocaine base with intent to distribute, in violation of 21 U.S.C. § 846 and 18 U.S.C. § 2. The district court[1] sentenced Jiles to 188 months in prison and five years supervised release, recommending to the United States Bureau of Prisons that his federal sentence run

---

[1]The HONORABLE HOWARD F. SACHS, United States District Judge for the Western District of Missouri.

concurrently with his state sentence. Jiles returned to state custody, where he was reclassified as a more serious offender due to the federal conviction. Jiles appeals his sentence, arguing that he has lost rights and privileges in state prison in violation of the Double Jeopardy Clause, and asking us to direct the district court to order the Bureau of Prisons to take him into custody so he may serve his concurrent sentences at a federal prison. We affirm.

"As a general rule, the first sovereign to arrest a defendant has priority of jurisdiction for trial, sentencing, and incarceration." Thomas v. Brewer, 923 F.2d 1361, 1365 (9th Cir. 1991). A writ of habeas corpus *ad prosequendum* affords only temporary custody of a prisoner confined within another jurisdiction for purposes of indicting, prosecuting, and sentencing the prisoner. See Flick v. Blevins, 887 F.2d 778, 781 (7th Cir. 1989) (per curiam), cert. denied, 495 U.S. 934 (1990). Jiles has not shown that the State of Missouri waived its prior right of custody or agreed that he may serve his concurrent sentences within the federal correctional system. Therefore, he gives us no basis to order the Bureau of Prisons or the State of Missouri to transfer him to federal custody.

Jiles concedes that his federal conviction and sentence do not violate the Double Jeopardy Clause. Whether his loss of privileges in state prison raises a legitimate double jeopardy concern is not within our jurisdiction on this appeal. Accordingly, the judgment of the district court is affirmed.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.

-2-